# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6266 | **DATE** | 5/25/2011 |
| **CASE TITLE** | Securities and Exchange Commission vs. Rex C. Steffes, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' joint motion for entry of a protective order [51]. For the reasons explained below, Defendants' motion is granted. The Court will enter the protective order that was proposed by Defendants (see Ex. 1 to [51]) in a separate docket entry.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This case is a civil enforcement action by the Securities and Exchange Commission ("SEC" or "Plaintiff") for alleged insider trading. Discovery has commenced in this matter, and Plaintiff has propounded written discovery upon Defendants. Plaintiff seeks to discover (among other things) information pertaining to Defendants' business and investment strategies, business operations, financial holdings and investments, and similar sensitive information. For instance, Plaintiff requests that the Steffes Defendants "[p]roduce all documents sufficient to show all of your assets (liquid and illiquid) during 2007." Defendants assert that public dissemination of some of the information sought by Plaintiff would "inflict a considerable injury on their competitive ability to transact business," (Mot. [51] at ¶ 5) and accordingly requested that Plaintiff agree to the entry of a protective order pursuant to Fed. R. Civ. Proc. 26(c).

Defendants proposed a protective order based on this District's standard form protective order for use in patent cases. See http://www.ilnd.uscourts.gov/home/_assets/_documents/Rules/LPR%20Appendix%20B.pdf. Counsel for the parties have conferred about the proposed order, and the sticking point appeared to be Plaintiff's insistence that any protective order be consistent with or incorporate the SEC's "Form 1662." Form 1662 is an SEC policy statement that discusses the SEC's "Routine Uses" of information produced to it pursuant to subpoena. Form 1662 permits the SEC to use such information to, among other things, "respond to inquiries from Members of Congress, the press and the public which relate to specific matters that the Commission has investigated and to matters under the Commission's jurisdiction." Form 1662 at No. 19.

In what the SEC acknowledges was a "significant concession," Defendants agreed to modify their proposed order to permit Plaintiff to disclose all discovery materials within the SEC itself, or to other governmental agencies. See Protective Order at ¶ 4(c). However, Defendants argue that incorporation of Form 1662 whole cloth would allow the SEC to share their sensitive information with the press and public, thereby eviscerating the promise of confidentiality that a protective order would offer.

## STATEMENT

The Court has carefully considered the parties' helpful briefs and the proposed protective order and concludes that (1) a protective is warranted and (2) the specific order proposed by Defendants is reasonable and appropriate.

The Court will here briefly address the arguments that Plaintiff raises against the entry of a protective order in this case. First, Plaintiff maintains that the public has a "legitimate interest in commission litigation." (Resp. at 1). While that general proposition undoubtedly is true (see, *e.g.*, *S.E.C. v. Rind*, 991 F.2d 1486, 1491-92 (9th Cir. 1993); *Smith v. U.S. Dist. Ct.*, 956 F.2d 647, 650 (7th Cir. 1992)), it does not follow that the public has an interest in all *pretrial discovery* exchanged by the parties. In fact, the Seventh Circuit teaches that the public does *not* have a right to pretrial discovery materials not filed with the Court. *Bond v. Utreras*, 585 F.3d 1061, 1074-75 (7th Cir. 2009); see also *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)*; Citizens First National Bank of Princeton v. Cincinnati Insurance Co.,* 178 F.3d 943, 944 (7th Cir. 1999) ("pretrial discovery, unlike the trial itself, is usually conducted in private"). The reasoning behind this principle is that documents obtained in pretrial discovery that have not been filed with the Court have not been "used in [a court] proceeding" (*id.* (citing Fed. R. Civ. Proc. 5(d))) and could not possibly "influence or underpin the judicial decision." *Id*.

The Court stresses that the proposed protective order does not foreclose access to any material to which the public *may* have an interest. Paragraph 6(a) of Defendants' proposed protective order requires compliance with the Northern District of Illinois local rules and procedures before a party may file a document under seal, and ¶ 6(b) requires an order from this Court order before a document can be filed under seal. Accordingly, the protective order is consistent with the requirement that a particularized showing of good cause be made before any document could be filed under seal.

Second, Plaintiff argues that Defendants have not satisfied their burden of showing that a protective order is warranted in this case. The Court disagrees. Federal Rule of Civil Procedure 26(c) allows a court, after finding "good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Plaintiff's broadly-worded discovery requests would require Defendants to produce all manner of confidential financial and business information, including information that would reveal their present business strategies. Defendants explain in detail how disclosure of the information sought by Plaintiff could affect Defendants' business interests. Sensitive financial information is precisely the sort of information that, if made public, would "allegedly and understandably result in annoyance, embarrassment and even oppression." *Seattle Times Co.*, 467 U.S. at 28.

Defendants also wish to have the protective order in place for the benefit of third parties who may be required by a subpoena to produce confidential information. Plaintiff argues that none of the numerous third parties who have been subpoenaed have objected to the discovery served on them and that the "benefits of a protective order in obtaining discovery from third parties are entirely hypothetical." Resp. at 6. Plaintiffs do not explain why they would be prejudiced by third-party access to the protective order. The Court is of the view that having a protective order in place *ex ante* will likely result in time saving and efficiencies down the line. Again, the Court stresses the clear division in the Seventh Circuit case law between pretrial discovery – "usually conducted in private" (*Citizens First National Bank*, 178 F.3d at 944) – and materials that actually "enter[] the judicial record" (*Baxter Int'l v. Abbott Laboratories, Inc.*, 297 F.3d 544, 545 (7th Cir. 2002), which are "presumptively public business" and thus open for public viewing (*Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000)).

Next, Plaintiff argues that much of the material that it requests would not meet the protective order's

| STATEMENT |
|---|

definition of "confidential" information. See Resp. at 4. This may be true, but it is not a reason to forego putting a protective order in place. Documents that are not confidential should not be designated as such when produced. Relatedly, Plaintiff worries that Defendants may over-use the "confidential" designation. But Plaintiff has not pointed to any concrete support for its concern that Defendants would "abuse" the protective order. Should Plaintiff's fears materialize, the protective order, at ¶ 3(f), contains a procedure whereby a party may challenge the designation of certain information as "confidential."

Finally, the Court declines Plaintiff's invitation to direct the parties to incorporate Form 1662 into the protective order. Both of the cases to which Plaintiff cites in which courts have entered protective orders that incorporated the SEC's "Routine Uses" statement appear to have been entered by agreement of the parties. Further, Plaintiff has not offered any explanation as to why incorporation of Form 1662 is necessary, and in the absence of any such explanation, the Court declines to address (even tacitly) matters of SEC policy by ordering the inclusion of the Form 1662 language in the protective order.