# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6266 | **DATE** | 4/5/2012 |
| **CASE TITLE** | SEC vs. Steffes, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' objections [123] to Magistrate Judge Cox's February 21, 2012 order are overruled.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**I.   Background**

Defendants have filed objections [123] to Magistrate Judge Cox's February 21, 2012 order [122] denying Defendants' motion to compel without prejudice. Where, as here, a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). Under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Defendants specifically object to two aspects of Judge Cox's February 21 order. First, Defendants contend that Judge Cox erred in not permitting them to immediately depose SEC staff member Maria Moebius. Second, Defendants assert that Judge Cox should have compelled the SEC to provide a sworn answer to Interrogatory No. 3 regarding proof of certain telephone records. The Court will address each of these objections in turn.

**II.   Analysis**

   **1.   Deposition of Ms. Moebius**

Defendants contend that the SEC's case "depends largely on its proof of the telephone calls." [123, at 3]. It is thus not surprising that telephone records have been a focus of the parties in the discovery process. One aspect of that discovery is a Rule 30(b)(6) deposition of a Sprint/Nextel corporate representative that is scheduled to proceed on April 19, at which time the parties will explore certain issues relating to telephone records allegedly

maintained by Sprint/Nextel. In addition to the April 19 deposition, Defendants also seek to discovery in regard to a chart created by Ms. Moebius that purports to summarize certain telephone calls that Defendants contend lie at the heart of the SEC's case. Specifically, Defendants wish to take Ms. Moebius's deposition so that they may ask her about the chart.

According to Defendants, the SEC at one time suggested that it would attempt to use the summary chart prepared by Ms. Moebius in evidence at trial. The SEC now has retreated from that position, stating that it "will not attempt to introduce the chart created by Maria Moebius into evidence as a summary exhibit." [128, at 1]. The SEC also has pledged that if it plans to offer a different summary chart into evidence, it "would give [defense counsel] plenty of notice about the summary we intend to use and the witness who prepared it. And then he would have an opportunity at that time to ask questions about the witness." 2/21/12 Tr. at 9 (before Magistrate Judge Cox); see also *id*. at 11 (statement of Magistrate Judge Cox that "if you still have a problem with whatever chart the SEC comes up with, you'll have an opportunity to explore that"). That offer is consistent with Seventh Circuit case law, which provides that "a party against who a summary exhibit is sought to be admitted must be accorded adequate time to examine the documents underlying the summary in order to check its accuracy." *Canada Dry Corp. v. Nehi Beverage Co.*, 723 F.2d 512, 523 (7th Cir. 1983).

However, Defendants' current focus in not on a hypothetical future chart, but rather on the actual chart that Ms. Moebius prepared. Taking the SEC at its word, it now appears that the Moebius chart will not be introduced into evidence by the SEC at any point in this case. Nevertheless, Defendants still maintain that they should be entitled to consider whether they have any evidentiary use for the chart and to depose its creator. For purposes of ruling on Defendants' objections, the critical point is that nobody has definitively said otherwise. To be sure, Judge Cox did rule that the deposition of the Sprint/Nextel witness concerning the underlying documents should take place before any deposition of Ms. Moebius to ascertain her involvement in summarizing those documents. But Judge Cox made crystal clear that if, after the Sprint/Nextel deposition concludes, Defendants "still believe that there are issues about [the Moebius] chart that require further exploration, I am happy to hear from you about it then." 2/21/12 Tr. at 5; see also *id*. at 4 ("I'm going to deny your motion without prejudice until after we have this deposition. * * * If you still have questions after you have had that opportunity, the Court will reentertain your motion and you can refile at that point"); *id*. at 7 ("And then after you have had that [Sprint/Nextel] deposition, if you still feel there is something fundamentally suspect about this chart * * * [t]hen I will allow – if you give me a basis to depose her, I'll be happy to let you depose her."); *id*. at 8 ("I'm not prejudicing you in any way from asking questions about that chart at a later point").

In view of the foregoing discussion, the Court sees nothing clearly erroneous or contrary to law in Magistrate Judge Cox's ruling in regard to the timing of any deposition of Ms. Moebius. Where, as here, the parties are undertaking extensive discovery under the close supervision of a Magistrate Judge, decisions on the order in which document production and/or depositions should proceed necessarily lie within the Magistrate Judge's broad discretion. To be sure, a ruling that substantially prejudices the objecting party would fall outside the scope of that considerable discretion. But here, even if the document prepared by Ms. Moebius turns out to be a "critical summary chart," as Defendants maintain, there is no substantial prejudice to Defendants from deferring further consideration of the potential significance of any summary of the telephone records until after the Rule 30(b)(6) deposition that may delve into the underlying records themselves. Furthermore, in view of the above-quoted excerpts from the February 21 transcript in which Magistrate Judge Cox explained her ruling, it is clear that both parties will enjoy broad discovery and "equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). For all of these reasons, the objections to Magistrate Judge Cox's ruling in regard to the proposed deposition of Ms. Moebius are overruled.

**STATEMENT**

      **2.    Issues concerning Interrogatory No. 3**

Defendants' objections also raise concerns about the adequacy of the SEC's response to Defendants' Interrogatory No. 3. Defendants' primary contention is that they are entitled to a sworn answer to their interrogatories. See Fed. R. Civ. P. 33(b)(3). Counsel for the SEC confirmed on the record at the March 8 motion hearing that the SEC will in fact provide a new verification to its interrogatory answers (see 3/8/12 Tr. at 10), which the Court presumes will be signed by an authorized person. Once the SEC does so (and perhaps it already has), it will have satisfied its obligations under Rule 33(b)(3), and based on counsel's representations on March 8 that the new verification would be forthcoming, the objections on that ground are overruled as moot.

The parties also have debated whether the SEC has adequately responded to Defendants' requests concerning the methods that the SEC may use in attempting to introduce the disputed telephone records into evidence. The SEC has suggested several methods that it may use – independently or in combination – and it need not decide (or disclose) at this time any more. There will be ample time at later stages of the case – summary judgment, motions in limine, *Daubert* motions, and trial rulings – to sort out the specific grounds for and objections to the admissibility of evidence, including the telephone records. To the extent that Defendants' objections can be read as raising a concern about the adequacy of the SEC's response to Interrogatory No. 3 at this time, the objections are overruled.

**III.    Conclusion**

For the reasons stated above, Defendants' objections [123] to Magistrate Judge Cox's February 21, 2012 order are overruled.