UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | No. 10 C 6266 |
| REX C. STEFFES, CLIFF M. STEFFES, REX R. STEFFES, BRET W. STEFFES AND ROBERT J. STEFFES, | Judge Thomas M. Durkin |
| Defendants. | |

### ORDER

The SEC has filed seven motions *in limine*. Rs. 228-29, 231-35. Defendants have filed three motions *in limine*. Rs. 230, 245. The following constitutes the Court's decisions on these motions.

**I. SEC's Motion *In Limine* No. 1 to Exclude Evidence of Trading by Hedge Funds**

The SEC has moved to exclude any evidence of trading in Florida East Coast Industries ("FECI") by various hedge funds. R. 228. The SEC argues that Defendants have no connection or relationship with any hedge fund and the fact that hedge funds traded in FECI stock does not legitimize Defendants' trades. The Court agrees that evidence of hedge fund trades in FECI stock may not be introduced for these purposes.

Defendants, however, argue that evidence of hedge fund trades is relevant to show that the information that FECI was going to be sold was public information

and that Defendants were motivated to purchase FECI stock and options because of the increased volume in FECI stock trading resulting from the hedge funds' investments. R. 249. The market activity in FECI stock during the relevant time period, including specific hedge fund trades, is evidence that may be relevant to whether the information that FECI was going to be sold was public information. The SEC can argue that the hedge funds traded in FECI stock based on rumor as opposed to inside information, but this is an argument for the jury to weigh. Thus, Defendants are permitted to introduce evidence of hedge fund trading to show that the information that FECI was going to be sold was public information.

II. **SEC's Motion *In Limine* No. 2 to Exclude the dealReporter Article Dated May 3**

The SEC seeks to exclude the dealReporter article dated May 3, 2007 because the Defendants' final questioned trade occurred on May 1. R. 229. Defendants argue that the May 3 article is admissible because it "demonstrates that the first two articles were not mere speculation, but, in fact, were based on factual information which proved to be true." R. 250 at 2.

As the Court explains below, the dealReporter articles are admissible only to show that the information that FECI was going to be sold was public information. An article published after Defendants had made the trades at issue is not evidence of whether that information was public at the relevant time. Furthermore, whether the May 3 article served as "confirmation" that the information in the first two articles was true is not relevant to whether the first two articles served to make

2

public the information that FECI was going to be sold in the first place. Thus, the May 3 article is excluded.

### III. SEC's Motion *In Limine* No. 3 to Exclude the dealReporter Articles Dated March 23 and April 5

The SEC seeks to exclude the dealReporter articles dated March 23 and April 5 because (1) Defendants admit that they were not aware of these articles, (2) the articles are hearsay evidence that FECI was in fact an acquisition target, (3) the articles state that FECI was an acquisition target, not that it was for sale, and (4) FECI's stock price did not react to the articles' publication. R. 231.

The Court agrees that the articles are not evidence of Defendants' state of mind, since Defendants admit that they did not read the articles before making the trades at issue. The articles, however, are evidence of what information was in the public domain concerning FECI, and information about FECI that was in the public domain during the relevant time period is evidence relevant to whether the information that FECI was going to be sold was public information. The SEC's argument that FECI's stock price did not react to the articles' publication is not necessarily true. As Defendants point out, FECI's stock price increased from $61.84 on March 26 (the day of the first dealReporter article) to $70.51 at the end of April. R. 251 at 2. The SEC is free to argue that Defendants had information beyond that revealed in the dealReporter articles, or that no causal relationship exists between the dealReporter articles and the gradual increase in FECI's stock price. But these are arguments for a jury. The dealReporter articles are relevant to whether the

3

information that FECI was going to be sold was public, and are admissible for that purpose.

## IV. SEC's Motion *In Limine* No. 4 to Preclude Reference to Unrelated Enforcement Matters and Pre-Trial Publicity

The SEC seeks to bar Defendants "from offering evidence, or referring to: (1) unrelated Commission enforcement matters, including but not limited to those involving Bernie Madoff and Mark Cuban; and (2) any of the pre-trial publicity regarding this case." R. 232. Defendants have not opposed this motion, and the Court finds that this evidence is not relevant to whether Defendants engaged in insider trading. Thus, it is excluded.

## V. SEC's Motion *In Limine* No. 5 to Preclude Reference to this Case's Impact on Defendants and William G. Griffiths

The SEC seeks to bar Defendants "from offering evidence, or referring to, any impact the Commission's investigation and civil enforcement action may have had upon: (1) the personal lives, reputations, or health of Defendants and former Defendant W. Gary Griffiths, and (2) the health of William G. Griffiths." R. 233. Defendants have not opposed this motion, and the Court finds that this evidence is not relevant to whether Defendants engaged in insider trading. Thus, it is excluded.

## VI. The SEC's Motion *In Limine* No. 6 Regarding Leading Questions

The SEC seeks permission to ask leading questions of the four defendants, former defendants Gary Griffiths and Robert J. Steffes, Michael Robbins who was Rex C. Steffes's broker, and Douglas Schlak and Donald Flaynick who are allegedly two of Rex C. Steffes's tippees. R. 234. Defendants argue that the Court should

4

permit "leading questions only as it becomes necessary to develop the Defendants' or other adverse witnesses' testimony." R. 252 at 1.

Federal Rule of Evidence 611(c) permits leading questions as to all adverse witnesses. The Defendants are obviously adverse. If there is a question as to whether a non-party witness is adverse, the party wishing to ask leading questions should establish the adversity with preliminary questions and seek a ruling at that time at sidebar.

### VII. The SEC's Motion *In Limine* No. 7 to Exclude Evidence Regarding Jacob Jamison and Betty Jean McKay

The SEC has moved to exclude evidence regarding the activities and securities trading of Jacob Jamison and Betty Jean McKay. R. 235. Jamison posted a message on a Yahoo message board on April 20 that there was "definitely something up" with FECI, and McKay testified that she heard a rumor in a bar that FECI was going to be sold. This evidence may be relevant as to whether the information that FECI was going to be sold was public information. The SEC makes several arguments as to why this evidence does not show that FECI's sale was public knowledge. But these are arguments for a jury to weigh.

### VIII. Defendants' Motion *In Limine* to Limit the Testimony of Nicholas Leonardo

Defendants seek to "limit the testimony of Nicholas Leonardo to those matters of which he has personal knowledge . . . . [s]pecifically, . . . an order barring Mr. Leonardo from testifying regarding alleged communications between Rex C.

5

Steffes and Gary Griffiths or any matter Mr. Leonardo may allege that Rex C. learned from Griffiths." R. 230 at 1.

Defendants' motion is granted to the extent Leonardo will testify to anything outside of his personal knowledge. To the extent he will testify to what Rex C. told him, such testimony is admissible, as it is clearly an admission by a party opponent, even if Rex C. was repeating what another person said to him. To the extent there could be any undue prejudice, it would be to Gary Griffiths, but Griffiths is not a party to this trial. Questions raised by the Defendants about the supposed inaccuracies in the Leonardo affidavit go to the weight of his testimony, not to its admissibility.

### IX. Defendants' Motion *in Limine* to Bar Introduction of Defendants' Use of Fifth Amendment During the SEC's Investigation

Defendants seek to bar introduction of the fact that at one time they exercised their Fifth Amendment rights during the SEC investigation and refused to testify. R. 230. They later waived those rights and testified in depositions in this case.

The SEC has stated that they do not intend to offer Defendants' Fifth Amendment declarations into evidence during their case in chief. R. 254 at 5. Should the Defendants testify at trial (either during their case or as adverse witnesses in the SEC's case) and deny that they engaged in insider trading, their assertions of the Fifth Amendment privilege will be admissible. Should the Defendants desire a limiting instruction when the fact of the assertion is raised, the Court will consider giving one. The parties should propose an agreed instruction on

6

that issue. If no agreement can be reached, the parties should each submit their proposed limiting instructions.

X.  **Defendants' Motion *In Limine* to Bar Evidence of Telephone Records Relating to Calls Between Gary Griffiths and Members of the Steffes Family**

Defendants seek to prevent the introduction of phone records that indicate that there were 25 telephone calls between various Steffes family members and Gary Griffiths between March 26, 2007 and May 7, 2007. The Defendants allege that there were in fact 380 calls between phone numbers associated with those parties during that time period. R. 245. Defendants' motion in limine is denied.

The number and timing of calls between Griffiths and Steffes family members, and between Steffes family members themselves is a matter of some evidentiary relevance. If the SEC has unfairly focused on a small number of the many family calls, the Defendants are free to point out the larger number of calls that exist. No restriction will be placed on the Defendants' ability to introduce any telephone call evidence that will put the SEC's evidence in context.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: January 6, 2014

7